## CULVER & Co. v. S. B. WARREN.

PART PAYMENT—*Ratification of Agency.* Part payment of an amount claimed to be due on a grain deal, the purchase and sale having been ordered by telegraph, is an acknowledgment of some liability and a ratification of agency of telegraph company in the transmission of its messages.

*Error from Lyon District Court.*

ACTION by *Culver & Co.* against *Warren*, to recover $350.75. Trial June 16, 1885, and verdict for plaintiffs for full amount claimed; verdict set aside, new trial granted, and cause continued. The plaintiffs bring the case here. The opinion states the facts.

*Cunningham & McCarty*, for plaintiffs in error.
*Kellogg & Sedgwick*, for defendant in error.

Opinion by SIMPSON, C.: Action for a balance of $350.75, claimed to be due on a corn deal, the plaintiffs in error being

commission merchants in Chicago, and defendant in error a resident of Lyon county. On March 15th, 1882, the plaintiffs in error sold for the defendant in error, as per telegraph instructions, ten thousand bushels of No. 2 corn, to be delivered during the month of July of that year, for 67¾ cents per bushel. On the 21st day of March the defendant in error paid the plaintiffs in error, by draft, the sum of two hundred dollars. On the 5th day of April following, Culver & Co. purchased for Warren ten thousand bushels of corn, to be delivered in the month of July following, to the party to whom they had sold on the 15th day of March. For this corn they paid 73 cents per bushel, and subsequently, Culver & Co. paid the difference between the price of the corn sold on the 15th of March and that bought on the 5th day of April, amounting to the sum of five hundred and twenty-five dollars. This amount, less the net proceeds of the draft, they sought to recover. There was a jury trial. The plaintiffs in error read the deposition of George N. Culver, one of the Chicago firm, to the jury, detailing the transaction, parts of which were admitted by the court, under the objections by the defendant in error. They also produced the agent of the Western Union Telegraph Company, at Emporia, who testified "that all the originals of messages received by said company at Emporia for transmissions over its lines from that point during the year 1882 had been destroyed, and are not now in existence." This was all the evidence on the part of the plaintiffs in error. The defendant in error offered no proof. Under the direction of the court, the jury returned a verdict for the full amount for the plaintiffs in error. Motion for a new trial was filed, and sustained, for error occurring at the trial, principally because the copies of the telegrams sent by Warren to Culver & Co., at Chicago, ordering the sale and purchase of the corn, were admitted without proof that Warren had authorized the telegraph company to transmit them.

The main cause of error assigned and discussed by counsel for the plaintiffs in error in this court is the action of the court in setting aside the verdict and granting a new trial, for

the reason above stated. Numerous cases are cited by counsel on both sides as to this ruling. "It is undoubtedly the law that when a message is left at a telegraph office for transmission the company becomes the agent of the person authorizing it sent," and before such a message can be admitted in evidence there must be some preliminary proof of the agency of the company transmitting it; and if this was the only question in the case, it would have to be solved in accordance with the above declarations of the law.

The evidence discloses the fact, and that too by proper proof, uncontradicted, that the defendant in error had made part payment of this demand; and hence there is no necessity for the enforcement of the strict rule of evidence concerning the messages, for part payment of the demand is not only an acknowledgment of liability, but is also a ratification of the agency of the telegraph company in the transmission of the messages.

It is recommended that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.